IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAWRENCE ARDOLINO and
DOROTHY ARDOLINO,

    Plaintiffs,                      CASE NO.: _____

vs.

PFIZER, INC.; PHARMACIA CORP.;     STATE CASE NO.:
MONSANTO COMPANY; and             16-2006-CA-008715-MA
G.D. SEARLE, LLC,

    Defendants.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Pfizer Inc. (incorrectly captioned as "Pfizer, Inc.") (hereinafter "Pfizer"), Pharmacia Corporation (hereinafter "Pharmacia") f/k/a Monsanto Company that was organized in 1933 (improperly captioned as "Monsanto Company"), and G.D. Searle LLC (incorrectly captioned as "G.D. Searle, LLC") (hereinafter "Searle"), hereby jointly file this Notice of Removal from the Circuit Court in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division. The grounds for removal are as follows:

### THE REMOVED CASE

1.    The removed case is a civil action filed on or about November 28, 2006 in the Circuit Court in and for Duval County, Florida, having been assigned Case No. 16-2006-CA-008715-MA, and captioned <u>Lawrence Ardolino, et al. v. Pfizer, Inc., et al.</u> This Court has

original jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.  This is a product liability action arising out of Plaintiff Lawrence Ardolino's alleged use of Celebrex®, an FDA-approved prescription medicine. On September 6, 2005, the Judicial Panel on Multidistrict Litigation (the "JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL proceeding in the Northern District of California (hereinafter referred to as MDL-1699) for cases such as this related to Celebrex®. See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig., 391 F. Supp. 2d 1377 (JPML 2005). Accordingly, this case is expected to become a "tag-along" action transferable to MDL-1699 pursuant to the Rules of Procedure of the JPML. See Rules of Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (JPML 2001). The removing defendants will file a motion to stay all proceedings pending MDL transfer.

## PAPERS FROM REMOVED ACTION

3.  As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), attached as Exhibit A are copies of all process, pleadings, orders, and other papers or exhibits filed in the state court.[1]

## THE REMOVAL IS TIMELY

4.  Plaintiffs commenced this action on or about November 28, 2006, and served Pfizer, Pharmacia, and Searle on March 20, 2007. Therefore, this Notice of Removal is

---

[1] Per the Clerk of the Court's request, the Complaint has been separated into a separate PDF for the docket and to prevent multiple copies of the same document being placed on the electronic filing system.

timely filed within 30 days of receipt of the initial pleading and within one year of commencement of the action.

### THE VENUE REQUIREMENT IS MET

5. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the Middle District of Florida, Jacksonville Division because the Circuit Court of Duval County, Florida is within the Jacksonville Division.

### DIVERSITY OF CITIZENSHIP EXISTS

6. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446. There is complete diversity of citizenship and no properly joined and served defendant is a citizen of Florida.

7. Plaintiffs are, and were at the time this action was filed, citizens of the State of Florida. See Complaint ¶¶ 1-2. Plaintiffs' Complaint alleges only their residency; however, publicly available records indicate that Plaintiffs are and were Florida citizens living in Jacksonville, Florida within Duval County, Florida, since January 1975 (Mr. Ardolino) and December 1984 (Mrs. Ardolino). Publicly available records also show that Plaintiffs maintain Florida Driver's Licenses, Florida motor vehicle registrations, and own property in Florida. Further, Plaintiff Mrs. Ardolino is a registered voter in Florida.

8. Defendant Pfizer is, and was at the time this action was filed, a corporation existing under the laws of the State of Delaware, with its principal place of business in the State of New York, and therefore is a citizen of Delaware and New York for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

9. Defendant Pharmacia is, and was at the time this action was filed, a corporation existing under the laws of the State of Delaware, with its principal place of business in the State of New Jersey, and therefore is a citizen of Delaware and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

10. Defendant Searle is, and was at the time this action was filed, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, a limited liability company whose sole member is (and was) Pharmacia Corporation, which is a Delaware corporation with its principal place of business in New Jersey. Accordingly, Searle is a citizen of Delaware and New Jersey. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

11. Plaintiffs' Complaint names "Monsanto Company" as a defendant. In 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. As stated in Paragraph 9, *supra*, Pharmacia is, and was at the time of the filing of this action, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed,

produced, manufactured, sold, resold, or distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in "designing, testing, manufacturing, labeling, advertising, promoting, marketing, selling, and/or distributing" Celebrex®, see Complaint ¶ 4, the undersigned assumes Plaintiffs mean to refer to 1933 Monsanto. Thus, Monsanto Company has the same citizenship for purposes of federal diversity jurisdiction as Pharmacia, and therefore is a citizen of Delaware and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(c)(1).

12.   Because the Plaintiffs are citizens of Florida and the named defendants are not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

13.   Where, as here, the jurisdictional amount is not alleged, it can nevertheless be determined when it is "facially apparent" from the complaint itself. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that the district court may consider whether jurisdictional amount is "facially apparent" from the complaint). A court may also consider the removal notice and post-removal evidence concerning the amount in controversy. See id. Indeed, defendant's removal papers may supply the required elements of diversity jurisdiction as follows:

> Allegations in the defendant's petition for removal, if not contradicted by the allegations of the complaint, are alone sufficient to establish prima facie the existence of federal jurisdiction. The mere fact that the plaintiff's complaint is silent as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of the case by defendant.

Woolard v. Heyer-Schulte, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (citing Wright v. Cont'l

Cas. Co., 456 F. Supp. 1075, 1078 (M.D. Fla. 1978)).

14.    In this case, it is "facially apparent" that the amount in controversy far exceeds $75,000. Plaintiffs seek compensatory damages arising out of the alleged use of the prescription pharmaceutical product Celebrex®, which they claim caused Mr. Ardolino to suffer a "serious adverse cardiovascular event" involving a "syncope secondary to severe sinus node dysfunction," a fall and resulting blow to the head, and eventual implantation of a pacemaker. See Complaint ¶¶ 38-43. Plaintiffs allege that the event lead to "significant physical and mental anguish" and "forced [Mr. Ardolino] into early retirement." Id. ¶¶ 43-44. Generally, Plaintiffs contend that they "suffered and continue[] to suffer damages including" the following:

> lost wages, benefits and entitlement, lost front pay and lost future earnings, medical expenses, past, present and future physical pain and suffering, past, present and future mental and emotional pain and suffering, distress, humiliation, loss of dignity, and loss of enjoyment of life.

Id. ¶¶ 61, 70, 78, 85, 93, 102, 120. In addition to "pain, suffering and injury," Plaintiffs also seek attorneys' fees and "expenses for payment" for Celebrex®. Id. ¶¶ 60, 102, 110, 120.

15.    These alleged injuries are at least as serious as others that have been found to satisfy the amount in controversy. For example, in Gebbia v. Wal-Mart Stores, 233 F.3d 880, 881, 883 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip-and-fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" from wrist, knee, and back injuries met the jurisdictional amount. See also Stewart v. Tupperware Corp., 356 F.3d 335, 337, 340 (1st Cir. 2004) (alleged auto accident injuries of whiplash, chest trauma, cuts, bruising, and muscle strain, as well as "the mental

TPA#2345099.1    - 6 -

anguish of spending their honeymoon in a hospital" satisfied the amount in controversy); Nelson v. Family Dollar Stores, Inc., No. Civ. A. 04-2146, 2005 WL 517504, *1-*2 (E.D. La. Feb. 18, 2005) (complaint alleging that store employee pushed hand truck into plaintiff causing headaches, dizziness, blurry vision, spine strain, and general bruises and contusions met jurisdictional threshold).

16. In addition, reported verdicts and settlements in cases where the alleged injury is cardiovascular indicate that damages in such cases exceed $75,000.[2] The allegations of injuries, damages, and conduct in the complaint in this action are substantially similar to those in other Celebrex® actions in which plaintiffs seek compensatory damages in excess of $75,000.

17. Moreover, allegations of future damages also factor into the amount in controversy analysis. See Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 247 (S.D. Fla. 1982) (plaintiff claimed "great expenses for future medical treatment"); see, e.g., Cabral v. Willard, 333 F. Supp. 2d 1108, 1113 (D. Kan. 2004) (considering "any additional damages [plaintiff] is reasonably likely to experience in the future" resulting from auto accident). Here, Plaintiffs allege continuing damages concerning Mr. Ardolino's "future health," including lost future earnings and medical expenses. See Complaint ¶ 45, p. 20.

---

[2] See, e.g., Shirley v. Orange Park Med. Ctr., No. 02-282-CA (Clay Cty. Cir. Ct. Sept. 9, 2002), 2003 WL 23353693, 03 FJVR 12-18 (plaintiff suffering syncopal event and resulting cardiac problems settled claims for $5,026,500); Krys v. Lufthansa German Airlines, No. 92-2488 (S.D. Fla. Oct. 24, 1995), 1995 WL 848575, 96 FJVR 3-25 (plaintiff alleging failure to treat heart attack and resulting damage to heart awarded verdict of $2,400,000); Montisano v. Wilson, No. 99-31-534CICI (Volusia Cty. Cir. Ct. Mar. 31, 2003), 2003 WL 21917623, 13 Fla. J.V.R.A. 5:C3 (plaintiff alleging negligent performance of cardiac catheterization awarded verdict of $942,700); Heberand v. Rothman, (Broward Cty. Cir. Ct. July 1997), 1997 WL 33345604, 12 Nat. J.V.R.A. 11:12 (plaintiff alleging negligent failure to diagnose cardiac-related symptoms awarded verdict of $250,000).

TPA#2345099.1                    - 7 -

Such claims, considered with the totality of the aforementioned factors, establish that the amount in controversy here meets the jurisdictional requirement.

18. Thus, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### FILING OF REMOVAL PAPERS

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served to Plaintiffs' counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Duval County, Florida. A true and correct copy of this Notice is attached hereto as Exhibit B.

**WHEREFORE**, defendants Pfizer, Pharmacia, and Searle hereby remove the above-captioned action from the Circuit Court in and for Duval County, Florida, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

Edward W. Gerecke – Trial Counsel
Florida Bar No. 328332
CARLTON FIELDS, P.A.
Post Office Box 3239
Tampa, Florida 33601
Telephone:   (813) 223-7000
Facsimile:   (813) 229-4133
E-Mail:      egerecke@carltonfields.com

TPA#2345099.1

- 8 -

Attorneys for Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC

### CERTIFICATE OF SERVICE

I CERTIFY that copies of this pleading were mailed to Neil L. Henrichsen and Shands M. Wulbern, 1648 Osceola Street, Jacksonville, FL 32204, this 5th day of April, 2007.

_____
Attorney

# EXHIBIT A

TPA#1900091.1

Form 1.997
Civil Cover Sheet

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

### I. CASE STYLE

16-2006-CA-008715  -XXXX-MA

IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT IN AND
FOR DUVAL COUNTY, FLORIDA

[THIS INSTRUMENT IN COMPUTER C.S.]

LAWRENCE ARDOLINO and
DOROTHY ARDOLINO,

CASE NO.
DIVISION:

Plaintiffs,

vs.

PFIZER, INC., PHARMACIA CORP.,
MONSANTO COMPANY. and
G.D. SEARLE, LLC

DIVISION CV-H

### II. TYPE OF CASE

(Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution | ☒ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/ Mortgage foreclosure |
| ☐ URESA - IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ URESA - Non IV-D | | Other |
| ☐ Domestic violence | | |
| ☐ Other domestic relations | | |
| ☐ Repeat Violence | | |

### III. Is Jury Trial Demanded in Complaint?

X  Yes
☐  No

Date 11/27/06       Signature of Attorney for Party
                    Initiating Action

SHANDS M. WULBERN, ESQUIRE

**Clerk of the Circuit Court**

# EXHIBIT B

TPA#1900091.1

IN THE CIRCUIT COURT IN AND FOR DUVAL COUNTY, FLORIDA

LAWRENCE ARDOLINO and
DOROTHY ARDOLINO,

    Plaintiffs,

vs.

PFIZER, INC.; PHARMACIA CORP.;
MONSANTO COMPANY; and
G.D. SEARLE, LLC,

    Defendants.
_____/

CASE NO.:
16-2006-CA-008715-MA

### NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION

TO:    Clerk of the Circuit Court of Duval County, Florida:

You are hereby notified that defendants Pfizer Inc. (incorrectly captioned as "Pfizer, Inc."), Pharmacia Corporation f/k/a Monsanto Company that was organized in 1933 (improperly captioned as "Monsanto Company"), and G.D. Searle LLC (incorrectly captioned as "G.D. Searle, LLC") have on the 5th day of April, 2007, filed in the United States District Court for the Middle District of Florida, Jacksonville Division, a Notice of Removal to Federal Court of the above-entitled cause, a copy of which is attached hereto and made a part of the Notice to Clerk, for your information and guidance. This Notice serves to effect full removal of this case pursuant to 28 U.S.C. § 1446(d), thereby precluding this state court from proceeding further in this case, unless and until this case is remanded hereto by the United States District Court.

                                              Edward W. Gerecke
                                              Florida Bar No. 328332
                                              CARLTON FIELDS, P.A.
                                              Post Office Box 3239
                                              Tampa, Florida 33601
                                              Telephone:  (813) 223-7000
                                              Facsimile:   (813) 229-4133
                                              E-Mail:       egerecke@carltonfields.com

TPA#2345275.1                                     1

Attorneys for Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC

## CERTIFICATE OF SERVICE

I CERTIFY that copies of this pleading were mailed to Neil L. Henrichsen and Shands M. Wulbern, 1648 Osceola Street, Jacksonville, FL 32204, this 5th day of April, 2007.

_____
Attorney

TPA#2345275.1                    2