IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAWRENCE ARDOLINO and
DOROTHY ARDOLINO,

    Plaintiffs,

                                      CASE NO.: 3:07-cv-00277-HES-HTS

vs.

PFIZER, INC.; PHARMACIA CORP.;
MONSANTO COMPANY; and
G.D. SEARLE, LLC,

    Defendants.
_____/

### DEFENDANTS PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S
### ANSWER AND DEFENSES AND JURY DEMAND

    Defendants Pfizer Inc. (incorrectly captioned as "Pfizer, Inc.") (hereinafter "Pfizer"),

Pharmacia Corporation (hereinafter "Pharmacia") f/k/a Monsanto Company that was

organized in 1933 (improperly captioned as "Monsanto Company"), and G.D. Searle LLC

(incorrectly captioned as "G.D. Searle, LLC") (hereinafter "Searle") (collectively referred to

herein as "the Answering Defendants") respond to the complaint as follows:

### Preliminary Statement

    The Complaint states only approximately when Lawrence Ardolino (hereinafter

"plaintiff") was prescribed or used Celebrex®, and, as such, this answer can only be drafted

generally and without reference to a specific period in time. See Complaint ¶ 34. The

Answering Defendants reserve the right to amend this answer when discovery reveals the

time period in which plaintiff was prescribed and used Celebrex®.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of plaintiffs' Complaint.

## I. PARTIES

1.    The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 except that the Answering Defendants are informed and believe that plaintiff is a resident of Duval County, Florida.

2.    The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 except that the Answering Defendants are informed and believe that plaintiff Dorothy Ardolino is a resident of Duval County, Florida.

3.    The Answering Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant hereto," but admit that Pharmacia has marketed Celebrex® at certain times in Florida. The Answering Defendants deny all remaining allegations in paragraph 3.

4.    The Answering Defendants admit that, in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and

has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever designed, produced, manufactured, sold, resold, marketed, or distributed Celebrex®, the Answering Defendants are, therefore, stating that the 2000 Monsanto is not a proper party in this matter. The Answering Defendants deny all remaining allegations in paragraph 4.

5.    The Answering Defendants admit that Searle is a limited liability company whose sole member is Pharmacia & Upjohn Company LLC, a limited liability company whose sole member is Pharmacia & Upjohn LLC, a limited liability company whose sole member is Pharmacia Corporation, which is a Delaware corporation with its principal place of business in New Jersey. The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant hereto," but admit that during certain periods of time Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, and distributed Celebrex® in Florida to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with its approval by the FDA. The Answering Defendants deny all remaining allegations in paragraph 5.

6.    The Answering Defendants admit that Pfizer is a Delaware corporation and admit that its principal place of business is in New York, New York. The Answering Defendants lack knowledge or information sufficient to form a belief as to the meaning of the phrase "[a]t all times relevant hereto," but admit that Pfizer is authorized to do business in Florida and admit that during certain periods of time Pfizer has co-promoted and marketed

Celebrex® in Florida.  The Answering Defendants deny all remaining allegations in paragraph 6.

## II. JURISDICTION

7.     The Answering Defendants admit that plaintiffs purport to bring this action and seek damages in excess of $15,000, but deny that there is any legal or factual basis for the purported causes of action and/or damages sought by plaintiffs.

8.     The allegations contained in paragraph 8 assert a legal conclusion and therefore no answer is required.  To the extent the allegations in paragraph 8 concern timeliness, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 8.

9.     The allegations contained in paragraph 9 assert a legal conclusion and therefore no answer is required.  To the extent the allegations in paragraph 9 concern jurisdiction, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 9.

10.     The allegations contained in paragraph 10 assert a legal conclusion and therefore no answer is required.  To the extent the allegations in paragraph 10 concern federal laws or regulations, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 10.

11.     The allegations contained in paragraph 11 assert a legal conclusion and therefore no answer is required. To the extent the allegations in paragraph 11 concern venue, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same. The Answering Defendants deny all remaining allegations in paragraph 11.

## III. FACTUAL BACKGROUND

### A.     Celebrex

12.     The Answering Defendants admit that during certain periods of time Celebrex® was manufactured and packaged for Searle which developed, tested, marketed, and distributed Celebrex® in the United States and Florida. The Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that during certain periods of time, Pfizer has co-promoted and marketed Celebrex® in the United States and Florida. The Answering Defendants deny all remaining allegations in paragraph 12.

13.     The Answering Defendants admit that during certain periods of time, they marketed and co-promoted Celebrex® for the following FDA-approved indicated uses: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of the signs and symptoms of ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colectoral polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance, surgery). The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information, which

was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 13.

14.    The Answering Defendants admit that during certain periods of time, they marketed and co-promoted Celebrex® for the following FDA-approved indicated uses: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the relief of the signs and symptoms of ankylosing spondylitis; (4) for the management of acute pain in adults; (5) for the treatment of primary dysmenorrhea; and (6) to reduce the number of adenomatous colectoral polyps in familial adenomatous polyposis ("FAP"), as an adjunct to usual care (e.g., endoscopic surveillance, surgery).  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 14.

15.    The Answering Defendants deny the allegations contained in paragraph 15.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

16.     The Answering Defendants deny the allegations contained in paragraph 16. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

17.     The Answering Defendants state that the allegations are vague and ambiguous. To the extent a response is deemed required, the plaintiffs fail to provide the proper context for the allegations set forth in paragraph 17, and, therefore, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same. The Answering Defendants state that the referenced studies and research speak for themselves, and the Answering Defendants deny any attempt to characterize them. The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 17.

18.     The Answering Defendants refer to the cited study for its contents. Any attempt to characterize it is denied. The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 18.

19.     The Answering Defendants refer to the cited study for its contents. Any attempt to characterize it is denied. The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 19.

20.    The Answering Defendants refer to the cited study for its contents.  Any attempt to characterize it is denied.  The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 20.

21.    The Answering Defendants deny the allegations contained in paragraph 21. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

22.    The Answering Defendants deny the allegations contained in paragraph 22. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

23.    The Answering Defendants deny the allegations contained in paragraph 23 and refer to the cited statement for its contents.  Any attempt to characterize it is denied.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

24.     The Answering Defendants deny the allegations contained in paragraph 24.
The Answering Defendants state that the potential effects of Celebrex® were and are
adequately described in its FDA-approved prescribing information, which was at all times
adequate and comported with applicable standards of care and law.  The Answering
Defendants further state that Celebrex® was and is safe and effective when used in
accordance with its FDA-approved prescribing information.

25.     The Answering Defendants deny the allegations contained in paragraph 25.
The Answering Defendants state that the potential effects of Celebrex® were and are
adequately described in its FDA-approved prescribing information, which was at all times
adequate and comported with applicable standards of care and law.  The Answering
Defendants further state that Celebrex® was and is safe and effective when used in
accordance with its FDA-approved prescribing information.

26.     The Answering Defendants deny the allegations contained in paragraph 26.
The Answering Defendants admit that during certain periods of time, they marketed and co-
promoted Celebrex® for FDA-approved indicated uses.  The Answering Defendants state
that the potential effects of Celebrex® were and are adequately described in its FDA-
approved prescribing information, which was at all times adequate and comported with
applicable standards of care and law.  The Answering Defendants further state that
Celebrex® was and is safe and effective when used in accordance with its FDA-approved
prescribing information.

27.     The Answering Defendants deny the allegations contained in paragraph 27.
The Answering Defendants admit that during certain periods of time, they marketed and co-

promoted Celebrex® for FDA-approved indicated uses.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

28.     The Answering Defendants deny the allegations contained in paragraph 28. The Answering Defendants admit that during certain periods of time, they marketed and co-promoted Celebrex® for FDA-approved indicated uses.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

29.     The Answering Defendants deny the allegations contained in paragraph 29. The Answering Defendants admit that during certain periods of time, they marketed and co-promoted Celebrex® for FDA-approved indicated uses.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

30.     The Answering Defendants deny the allegations contained in paragraph 30. The Answering Defendants admit that during certain periods of time, they marketed and co-promoted Celebrex® for FDA-approved indicated uses.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

**B.     The Ardolinos**

31.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 concerning plaintiff's use of Celebrex®, and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 31.

32.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore deny the same.

33.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore deny the same.

34.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 concerning plaintiff's use

of Celebrex®, and therefore deny the same. The Answering Defendants deny all remaining allegations in paragraph 34.

35.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore deny the same.

36.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore deny the same.

37.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore deny the same.

38.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore deny the same.

39.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore deny the same.

40.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore deny the same.

41.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore deny the same.

42.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and therefore deny the same. The Answering Defendants deny all remaining allegations in paragraph 42.

43.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 and therefore deny the same.

44.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 and therefore deny the same.

45.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 and therefore deny the same.

46.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 and therefore deny the same.

47.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 and therefore deny the same.

48.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 and therefore deny the same.

## IV. FRAUDULENT CONCEALMENT

49.     The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

50.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 concerning plaintiff's knowledge or notice and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 50.

51.     The Answering Defendants deny the allegations in paragraph 51, including all subparts, and specifically deny any misrepresentations or concealment.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

52.     The Answering Defendants deny the allegations in paragraph 52 and specifically deny any misrepresentations or nondisclosures.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

53.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 concerning plaintiff's knowledge or notice and therefore deny the same.  The Answering Defendants deny all remaining allegations in paragraph 53.

## V.  CLAIMS FOR RELIEF

### COUNT I
### (STRICT PRODUCTS LIABILITY – DESIGN DEFECT)

54.     The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

55.     The Answering Defendants deny the allegations in paragraph 55.

56.     The Answering Defendants deny the allegations in paragraph 56 and specifically deny that Celebrex® was defective or unreasonably dangerous.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

57.     The Answering Defendants deny the allegations in paragraph 57 and specifically deny that Celebrex® was defective or unreasonably dangerous.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that

Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

58.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 concerning plaintiff's use of Celebrex®, and therefore deny the same. The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 58.

59.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 and therefore deny the same.

60.    The Answering Defendants deny the allegations in paragraph 60 and specifically deny that Celebrex® is defective.

61.    The Answering Defendants deny the allegations in paragraph 61.

62.    The Answering Defendants deny the allegations in paragraph 62 and specifically deny the allegations of intentional misconduct or gross negligence.

## COUNT II
### (STRICT PRODUCTS LIABILITY – FAILURE TO WARN)

63.    The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

64.    The Answering Defendants deny the allegations in paragraph 64.

65.    The Answering Defendants deny the allegations in paragraph 65. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further

state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

66.    The Answering Defendants deny the allegations in paragraph 66. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

67.    The Answering Defendants deny the allegations in paragraph 67. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

68.    The Answering Defendants deny the allegations in paragraph 68 and specifically deny that Celebrex® was defective or unreasonably dangerous. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

69.    The Answering Defendants deny the allegations in paragraph 69 and specifically deny that Celebrex® is defective.

70.    The Answering Defendants deny the allegations in paragraph 70.

71.    The Answering Defendants deny the allegations in paragraph 71 and specifically deny the allegations of intentional misconduct or gross negligence.

## COUNT III
### (NEGLIGENCE – DESIGN DEFECT)

72.    The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

73.    The Answering Defendants deny the allegations in paragraph 73 and specifically deny that Celebrex® was unreasonably dangerous.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

74.    Paragraph 74 contains a legal conclusion to which no response is needed.  To the extent a response is deemed necessary, the Answering Defendants admit that they have duties as are imposed by law, but deny that they have breached any such duties.  The Answering Defendants deny the remaining or inconsistent allegations in paragraph 74 and specifically deny that Celebrex® was defective.

75.    The Answering Defendants deny the allegations in paragraph 75.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately

described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

76.    The Answering Defendants deny the allegations in paragraph 76 and specifically deny any negligence.

77.    The Answering Defendants deny the allegations in paragraph 77.

78.    The Answering Defendants deny the allegations in paragraph 78.

79.    The Answering Defendants deny the allegations in paragraph 79 and specifically deny the allegations of intentional misconduct or gross negligence.

## COUNT IV
## (NEGLIGENCE – FAILURE TO WARN)

80.    The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

81.    The Answering Defendants deny the allegations in paragraph 81 and specifically deny that Celebrex® was unreasonably dangerous. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

82.    Paragraph 82 contains a legal conclusion to which no response is needed. To the extent a response is deemed necessary, the Answering Defendants admit that they have

duties as are imposed by law, but deny that they have breached any such duties. The Answering Defendants deny the remaining or inconsistent allegations in paragraph 82.

83.     The Answering Defendants deny the allegations in paragraph 83. The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

84.     The Answering Defendants deny the allegations in paragraph 84 and specifically deny any negligence.

85.     The Answering Defendants deny the allegations in paragraph 85.

86.     The Answering Defendants deny the allegations in paragraph 86 and specifically deny the allegations of intentional misconduct or gross negligence.

<u>COUNT V</u>
**(BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY –
FLA. STAT. § 672.314)**

87.     The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

88.     The Answering Defendants admit that during certain periods of time Celebrex® was manufactured and packaged for Searle which developed, tested, marketed, and distributed Celebrex® in the United States and Florida. The Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that during certain periods of time, Pfizer has co-promoted and marketed Celebrex® in the United States and

Florida. The Answering Defendants deny all remaining allegations in paragraph 88. By way of further answer, the Answering Defendants state that paragraph 88 contains legal conclusions to which no answer is required. Except as admitted herein, the Answering Defendants deny the allegations in paragraph 88.

89.     The Answering Defendants admit that during certain periods of time Celebrex® was manufactured and packaged for Searle which developed, tested, marketed, and distributed Celebrex® in the United States and Florida. The Answering Defendants further admit that Pharmacia has marketed Celebrex® at certain times and that during certain periods of time, Pfizer has co-promoted and marketed Celebrex® in the United States and Florida. The Answering Defendants further state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. The Answering Defendants deny all remaining allegations in paragraph 89.

90.     The Answering Defendants deny the allegations in paragraph 90 and specifically deny that Celebrex® was defective.

91.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 concerning plaintiff's use of Celebrex®, and therefore deny the same. The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 91.

92.     The Answering Defendants deny the allegations in paragraph 92.

93.     The Answering Defendants deny the allegations in paragraph 93.

94.     The Answering Defendants deny the allegations in paragraph 94 and specifically deny the allegations of intentional misconduct or gross negligence.

## COUNT VI
## (BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE – FLA. STAT. § 672.315)

95.     The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

96.     The Answering Defendants deny the allegations in paragraph 96.

97.     The Answering Defendants deny the allegations in paragraph 97.

98.     The Answering Defendants deny the allegations in paragraph 98.

99.     The Answering Defendants deny the allegations in paragraph 99 and specifically deny that Celebrex® was defective.

100.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 concerning plaintiff's use of Celebrex®, and therefore deny the same. The Answering Defendants deny all remaining or inconsistent allegations contained in paragraph 100.

101.    The Answering Defendants deny the allegations in paragraph 101.

102.    The Answering Defendants deny the allegations in paragraph 102.

103.    The Answering Defendants deny the allegations in paragraph 103 and specifically deny the allegations of intentional misconduct or gross negligence.

## COUNT VII
## (CONSUMER PROTECTION VIOLATION – FLA. STAT. § 501.201 *et seq.*)

104.    The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

105.    Paragraph 105 contains a legal conclusion to which no response is needed.  To the extent a response is deemed necessary, the Answering Defendants admit that they have duties as are imposed by law, but deny that they have breached any such duties.  The Answering Defendants deny the remaining or inconsistent allegations in paragraph 105.

106.    The Answering Defendants deny the allegations in paragraph 106, including all subparts.

107.    The Answering Defendants deny the allegations in paragraph 107.

108.    The Answering Defendants deny the allegations in paragraph 108.

109.    The Answering Defendants deny the allegations in paragraph 109.

110.    The Answering Defendants deny the allegations in paragraph 110.

111.    The Answering Defendants deny the allegations in paragraph 111.

## COUNT VIII
### (FRAUDULENT MISREPRESENTATION)

112.    The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

113.    The Answering Defendants deny the allegations in paragraph 113 and specifically deny any false statements.

114.    The Answering Defendants deny the allegations in paragraph 114, including all subparts, and specifically deny any misrepresentations or concealment.  The Answering Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  The Answering Defendants further state that

Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.

115.    The Answering Defendants deny the allegations in paragraph 115 and specifically deny any false representations.

116.    The Answering Defendants deny the allegations in paragraph 116.

117.    The Answering Defendants deny the allegations in paragraph 117.

118.    The Answering Defendants deny the allegations in paragraph 118.

119.    The Answering Defendants deny the allegations in paragraph 119.

120.    The Answering Defendants deny the allegations in paragraph 120.

121.    The Answering Defendants deny the allegations in paragraph 121 and specifically deny the allegations of intentional misconduct or gross negligence.

## COUNT IX
### (LOSS OF CONSORTIUM AS TO PLAINTIFF DOROTHY ARDOLINO)

122.    The Answering Defendants hereby incorporate by reference their responses to the preceding paragraphs.

123.    The Answering Defendants deny the allegations in paragraph 123.

124.    The Answering Defendants deny the allegations in paragraph 124.

The Answering Defendants deny the allegations set forth in the "Wherefore" paragraph and deny that the plaintiff is entitled to damages or costs.

## Affirmative and other Defenses

Discovery and investigation may reveal that any one or more of the following defenses should be available to the Answering Defendants in this matter. The Answering Defendants therefore assert the following defenses in order to preserve the right to assert

them. Upon completion of discovery, and if the facts warrant, the Answering Defendants will withdraw any of these defenses as may be appropriate.

1.    Plaintiffs' claims are barred, in whole or part, because Celebrex® is comprehensively regulated by the United States Food and Drug Administration pursuant to the Federal Food, Drug & Cosmetic Act, 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder. Accordingly, plaintiffs' claims are barred by the doctrine of federal preemption.

2.    Plaintiffs' injuries and damages, if any, were solely caused or contributed to by the acts or omissions, abuse or misuse, negligence or fault or otherwise, of third persons or parties over whom the Answering Defendants had no control or right to control and whose actions are not, therefore, imputable to the Answering Defendants.

3.    Plaintiffs' injuries or damages, if any, were, in whole or part, the result of conduct of the plaintiffs, independent third parties, or events and/or conditions that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent of, or far removed, from the Answering Defendants' conduct, and the Answering Defendants are not liable for them.

4.    Plaintiffs' claims are barred because the utility of the drug Celebrex® outweighed the risk of its use.

5.    Some or all of plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, and laches.

6.    Plaintiffs' claims are barred by the doctrines set forth in the Restatement (Second) of Torts § 402, Comments j and k and/or Restatement (Third) of Torts: Product Liability §§ 4 and/or 6.

7.    The Answering Defendants satisfied their duty to warn under the learned intermediary doctrine, and plaintiffs' claims are therefore barred by the learned intermediary doctrine.

8.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault of plaintiffs, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar plaintiffs' recovery. Thus, the Answering Defendants are entitled to have their liability to the plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of Florida Statutes section 768.81. To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of the Answering Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to the Answering Defendants will be identified in a timely manner consistent with Nash v. Wells Fargo, 678 So. 2d 1262 (Fla. 1996).

9.    Some or all of the plaintiffs' claims are barred by the applicable statute of limitations and/or repose.

10.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

11.    Plaintiffs' claims relating to fraud and misrepresentations are barred and should be dismissed because they have not been pleaded with sufficient particularity to meet the requirements of the Florida Rules of Civil Procedure and Federal Rule of Civil Procedure 9(b).

12.    Plaintiffs' claims are barred because Celebrex® was designed, manufactured, and marketed in accordance with the state-of-the-art, at the time of manufacture per Florida Statutes section 768.1257.

13.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

14.    Plaintiffs' claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

15.    Celebrex® and the Answering Defendants' actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex ® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

16.    Plaintiffs' damages, if any, are limited, in whole or part, by plaintiffs' failure to mitigate or reasonably avoid their alleged damages.

17.     The Answering Defendants did not make to plaintiffs or breach any express or

implied warranties and did not breach any warranties created by law.  Plaintiffs lacked the

necessary privity with the Answering Defendants to maintain claims for breach of warranty,

and failed to give timely notice to the Answering Defendants.  Also, the Answering

Defendants are not sellers as defined by Florida Statutes section 672.103 and plaintiffs did

not rely on the Answering Defendants.  Therefore, plaintiffs' claims for breach of warranties

are barred, fail to state a claim, and should be dismissed with prejudice.

18.     The Answering Defendants were in compliance with legislative regulatory

standards and/or administrative regulatory safety standards relating to warnings and/or

instructions and design and/or performance and, therefore, Celebrex® is deemed not

defective.

19.     Plaintiffs' injuries, if any, were due to an unforeseeable allergic, idiosyncratic

or idiopathic reaction to Celebrex®, or by an unforeseeable illness, unavoidable accident, or

pre-existing and/or unrelated condition, without any negligence or culpable conduct by the

Answering Defendants.

20.     Plaintiffs' claims are barred by Sections 6(c) and (d) of the Restatement

(Third) of Torts: Products Liability.  Reasonable physicians knowing of the reasonably

foreseeable risks and therapeutic benefits associated with Celebrex® would have prescribed

and did prescribe Celebrex® for classes of patients.  In addition, the Answering Defendants

provided reasonable instructions or warnings to prescribing physicians.

21.    Plaintiffs' claims are barred, in whole or part, because plaintiff, by electing to ingest Celebrex®, assumed the risks disclosed on Celebrex®'s FDA-approved label, and plaintiffs waived and/or are estopped from asserting any claim related to such risks.

22.    Plaintiffs' claims are barred, in whole or in part, because public policy favors the development and marketing of beneficial new drugs.

23.    Celebrex® is not defective or unreasonably dangerous, and the Answering Defendants are not liable because, at the time of sale or distribution of the Celebrex® alleged to have been used by plaintiff, the Answering Defendants had complied with applicable regulations of the federal Food & Drug Administration, and are entitled to application of Florida Statutes section 768.1256.

24.    Plaintiffs' claims should be diminished in whole or in part in the amount paid to plaintiffs by any party or non-party with whom plaintiffs have settled or may settle.

25.    To the extent plaintiffs have received payment from collateral sources, the Answering Defendants are entitled to a set-off.

26.    The Answering Defendants aver that Celebrex® possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use by a person.

27.    As a prescription pharmaceutical, Celebrex® falls within the ambit of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration. Accordingly, plaintiffs' claims have been preempted under the Supremacy Clause of the U.S. Constitution.

28.    If plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same was caused by operation of nature or other supervening or

intervening conduct of persons other than the Answering Defendants, and for whose conduct the Answering Defendants are not responsible, or with whom the Answering Defendants have no legal relation or legal duty to control.

29.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to plaintiffs.

30.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate the Answering Defendants' rights under the United States Constitution.

31.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because plaintiff did not incur any ascertainable loss as a result of the Answering Defendants' conduct.

32.     Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of Celebrex® complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

33.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to Celebrex® were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

34.    Plaintiffs' claims must be dismissed because plaintiff would have taken Celebrex® even if the product labeling contained the information that plaintiffs contend should have been provided.

35.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

36.    Plaintiffs' claims asserted in the Complaint are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Complaint.

37.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of the Answering Defendants and over whom the Answering Defendants had no control and for whom the Answering Defendants may not be held accountable.

38.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

39.    Plaintiffs are not entitled to interest, attorneys' fees, costs, or punitive damages, and any claims for such should be stricken from the Complaint.

40.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

41.    FDUTPA does not apply to claims for personal injuries and, accordingly, plaintiffs' FDUTPA claim is improper and should be dismissed.

42.     The acts or practices of which plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

43.     Plaintiffs lack standing because the Answering Defendants did not engage in any deceptive conduct with regard to plaintiffs, or otherwise.

44.     The Answering Defendants reserve the right to raise additional affirmative defenses as may be established by discovery and the evidence in this case.

**Demand For A Jury Trial**

The Answering Defendants demand a jury trial on all claims so triable in the action.

WHEREFORE, The Answering Defendants respectfully request that this matter be dismissed with prejudice and that they be awarded their costs and any other relief to which they may be entitled.

s/ Edward W. Gerecke
Edward W. Gerecke
Florida Bar No. 328332
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
Telephone:     (813) 223-7000
Facsimile:     (813) 229-4133
E-Mail:     egerecke@carltonfields.com

Attorneys for Pfizer Inc., Pharmacia
Corporation, and G.D. Searle LLC

## CERTIFICATE OF SERVICE

I CERTIFY that on April 13, 2007, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system which will send a notice of electronic filing to Neil L.

Henrichsen at nhenrichsen@hslawyers.com and Shands Wulbern at swulbern@hslawyers.com.

s/ Edward W. Gerecke
Attorney
